UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN HARRIS and ANGEL GONZALEZ,<br><br>                 Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal No.   26cr10215<br><br>Violations:<br><br>Count One: Conspiracy to Commit Armed Bank Robbery<br>(18 U.S.C. § 371)<br><br>Counts Two and Three: Armed Bank Robbery; Aiding and Abetting<br>(18 U.S.C. §§ 2113(a) and (d), and 2)<br><br>Bank Robbery Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1.    The Santander Bank located at 2189 Washington Street, Roxbury, Massachusetts was a commercial bank insured by the Federal Deposit Insurance Corporation ("FDIC").

2.    The TD Bank located at 930 American Legion Highway, Roslindale, Massachusetts was a commercial bank insured by the FDIC.

3.    Steven HARRIS was a resident of Massachusetts.

4.    Angel GONZALEZ was a resident of Massachusetts.

1

Object and Purpose of the Conspiracy

5.      The object of the conspiracy was to commit armed bank robberies of the Santander Bank branch located at 2189 Washington Street, Roxbury, Massachusetts and the TD Bank branch located at 930 American Legion Highway, Roslindale, Massachusetts.   The principal purpose of the conspiracy was to obtain money from those Santander Bank and TD Bank branches through the use of force, violence, and intimidation.

Manner and Means of the Conspiracy

6.      Among the manner and means by which HARRIS and GONZALEZ carried out the conspiracy were the following:

      a.  Obtaining and making use of masks and gloves to obscure their facial features and ensure that no fingerprints or other identifying evidence were left behind at the Santander Bank or TD Bank branch locations;

      b.  Changing certain articles of clothing between the two robberies to further obscure their identities and minimize the risk of being identified from surveillance footage;

      c.  Obtaining a vehicle that could be used to transport HARRIS and GONZALEZ to and from the Santander Bank and TD Bank branch locations;

      d.  Coordinating travel to and from the robbery locations, including arranging for GONZALEZ to travel by Uber to meet HARRIS at a prearranged location immediately before the Santander Bank robbery; and

      e.  Obtaining and brandishing a black-and-tan-colored firearm to threaten and

2

intimidate Santander Bank and TD Bank employees and customers present at the time of the robberies.

<u>Overt Acts in Furtherance of the Conspiracy</u>

7.    From on or about April 23, 2026 through on or about April 28, 2026, HARRIS and GONZALEZ committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

a.    On or about April 23, 2026, HARRIS obtained the use of a blue Toyota Rav-4, which was lent to him by an acquaintance.

b.    On April 28, 2026 at approximately 10:10 a.m., HARRIS and GONZALEZ entered the Santander Bank branch located at 2189 Washington Street in Roxbury, Massachusetts.

c.    Upon entering the bank, GONZALEZ brandished a black-and-tan-colored firearm, which he pointed at bank staff, demanding money.

d.    GONZALEZ dragged the branch manager from her office to a bank teller station, threatening to shoot her.

e.    HARRIS and GONZALEZ fled from the Santander Bank location without obtaining any money.

f.    At approximately 11:47 a.m. on April 28, 2026, HARRIS and GONZALEZ arrived together at the TD Bank located at 930 American Legion Highway,

Roslindale, Massachusetts, using the same blue Toyota Rav-4 in which they fled the Santander Bank.

g.     Upon entering the TD Bank, GONZALEZ brandished a black-and-tan-colored firearm.

h.     HARRIS forcibly moved multiple employees from their offices to the main area of the bank, threatening to kill at least one employee.

i.     GONZALEZ brandished the firearm and repeatedly threatened to shoot bank employees if they did not comply, while demanding more money.

j.     GONZALEZ removed approximately $2,137 from the front teller drawer.

k.     Immediately after taking the money, HARRIS and GONZALEZ exited the TD Bank and fled the area in the blue Rav-4.

## COUNT ONE
Conspiracy to Commit Armed Bank Robbery
(18 U.S.C. § 371)

The Grand Jury charges:

8.      The Grand Jury re-alleges and incorporates by reference paragraphs 1-7 of this Indictment.

9.      From on or about April 23, 2026 through on or about April 28, 2026, in the District of Massachusetts, and elsewhere, the defendants,

STEVEN HARRIS and ANGEL GONZALEZ,

conspired to commit an offense against the United States, to wit, Armed Bank Robbery, that is, to by force and violence, and by intimidation, take from the person and presence of another, any money belonging to, and in the care, custody, control, management, and possession of Santander Bank and TD Bank, banks the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing such offense, did assault any person and put in jeopardy the life of any person by the use of a dangerous weapon and device, to wit: a black-and-tan-colored firearm.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### Armed Bank Robbery; Aiding and Abetting
(18 U.S.C. §§ 2113(a), (d), and 2)

The Grand Jury further charges:

10.    The Grand Jury re-alleges and incorporates by reference paragraphs 1-7 of this Indictment.

11.    On or about April 28, 2026, in Roxbury, in the District of Massachusetts, the defendants,

STEVEN HARRIS and
ANGEL GONZALEZ,

did, by force and violence, and by intimidation, take and attempt to take from the person and presence of another, any money belonging to, and in the care, custody, control, management, and possession of the Santander Bank in Roxbury, a bank the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing such offense, did assault any person and put in jeopardy the life of any person by the use of a dangerous weapon and device, to wit: a black-and-tan-colored firearm.

All in violation of Title 18, United States Code, Sections 2113(a) and (d), and 2.

<u>COUNT THREE</u>
Armed Bank Robbery; Aiding and Abetting
(18 U.S.C. §§ 2113(a), (d), and 2)

The Grand Jury further charges:

12.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-7 of this Indictment.

13.     On or about April 28, 2026, in Roslindale, in the District of Massachusetts, the defendants,

STEVEN HARRIS and
ANGEL GONZALEZ,

did, by force and violence, and by intimidation, take and attempt to take from the person and presence of another, any money in the amount of $2,137, more or less, belonging to, and in the care, custody, control, management, and possession of the TD Bank in Roslindale, a bank the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing such offense, did assault any person and put in jeopardy the life of any person by the use of a dangerous weapon and device, to wit: a black-and-tan-colored firearm.

All in violation of Title 18, United States Code, Sections 2113(a) and (d), and 2.

<u>FORFEITURE ALLEGATION</u>
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1.      Upon conviction of any of the offenses in violation of Title 18, United States Code, Sections 371 and 2113, set forth in Counts One through Three, the defendants,

STEVEN HARRIS and ANGEL GONZALEZ,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense(s).

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants –

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

8

A TRUE BILL

███████████████████████████

FOREPERSON

J. AIDAN LANG
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: August __4__, 2026
Returned into the District Court by the Grand Jurors and filed.

_Katherine Thomann_
DEPUTY CLERK        at 2:28pm

9